Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLIFFORD J. CHURCH, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTION BUREAU OF THE HUDSON VALLEY, INC.;<br>and JOHN DOES 1 to 10,<br><br>Defendant. | Civil Action No.<br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Clifford J. Church, by way of Class Action Complaint against Defendant Collection Bureau of The Hudson Valley, Inc. (and John Does 1 to 10), states:

### I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendant violated the FDCPA against Plaintiff and other New Jersey consumers by falsely threatening to report accounts to a credit reporting agency, in violation of the FDCPA.

## II.  JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

## III.  PARTIES

5. Plaintiff Clifford J. Church ("Plaintiff") is a natural person residing in Bergen County, New Jersey.

6. Defendant Collection Bureau of The Hudson Valley, Inc., ("CBHV") is a collection attorney with an office located at 155 North Plank Road, Newburgh, New York, 12550.

7. Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## IV.  FACTS

**A. Background**

8. Defendant is not in the business of extending credit, selling goods or services to consumers.

9. Defendant regularly collects or attempts to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. The principal purpose of Defendant is the collection of debts.

11. When attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce.

12. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

13. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

14. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

15. Defendant contends that the Account was past-due and in default.

16. Defendant is a debt collector.

17. The Account was assigned to Defendant for collecting the Debt.

18. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

**B. False Threat of Credit Reporting**

19. In attempts to collect the Debt allegedly owed by Church, Defendant mailed a collection letter on March 24, 2019. A true but redacted copy of the collection letter is attached as *Exhibit A*.

20. Plaintiff received and reviewed the collection letter.

21. The collection letter threatens "[t]he creditor shown above has authorized us to submit this account to the nationwide credit reporting agencies. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

22. Contrary to the statement contained in the collection letter, at no time did Defendant report the Debt to a credit reporting agency.

23. Contrary to the statement contained in the collection letter, at no time did Defendant intend to report the Debt to a credit reporting agency.

24. Therefore, the collection letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendant's attempt to collect a debt.

25. Defendant engaged in unfair and deceptive acts and practices, in violation of, *inter alia*, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), and 1692f.

### V.   CLASS ACTION ALLEGATIONS

26. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff bring this action on behalf of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> All natural persons with addresses in the State of New Jersey to whom, beginning March 21, 2019, through and including the final resolution of this case, Defendant sent a written communication which stated: "The creditor shown above has authorized us to submit this account to the nationwide credit reporting agencies. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

27. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letter.

28. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

29. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

30. There are questions of law and fact common to the members of each class that predominate over questions affecting only individuals, including but not limited to:

    A.    Whether Defendant is a debt collector under the FDCPA;

    B.    Whether Defendant violated the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), and 1692f; and

    C.    Whether Plaintiff and the class are entitled to damages.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA

statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

32. The claims of the Plaintiff are typical of the claims of the members of the class.

33. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

34. Plaintiff does not have interests antagonistic to those of the class.

35. The class, of which Plaintiff is a member, is readily identifiable.

36. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

37. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

38. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.  VIOLATIONS OF THE FDCPA

39. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

41. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

42. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

43. Defendant is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

44. The collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

45. By falsely threatening to report to a credit reporting agency, Defendant violated the FDCPA, including but not limited to the following:

> a. Defendant used false, deceptive, and misleading representations and means in connection with the collection of the alleged debts, in violation of 15 U.S.C. § 1692e;
>
> b. Defendant falsely represented the character, amount, or legal status of the alleged debts, in violation of 15 U.S.C. § 1692e(2)(A);
>
> c. Defendant falsely threatened to take action that they did not intend to take, in violation of 15 U.S.C. §§ 1692e(5) and 1692e(8);
>
> d. Defendant used false representations and deceptive means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692e(10); and
>
> e. Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debts, in violation of 15 U.S.C. § 1692f;

46. The violations of the FDCPA described herein constitute *per se* violations.

47. Based on any one or more of those violations, Defendant is liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Clifford J. Church demands judgment against Defendant Collection Bureau of The Hudson Valley, Inc. as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and The Law Office of Ronald I. LeVine, Esq. as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*

Dated: March 23, 2020
Yongmoon Kim
*Attorneys for Plaintiff*