**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD J. CHURCH and RANDA A. HUSAIN, *on behalf of themselves and those similarly situated*, | Civil Action No. 20-3172 (SDW)(LDW) |
| Plaintiffs, | **OPINION** |
| v. | November 4, 2022 |
| COLLECTION BUREAU OF THE HUDSON VALLEY, INC. and JOHN DOES 1 to 10 | |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is Plaintiffs Clifford J. Church and Randa A. Husain's ("Church," "Husain," or collectively "Plaintiffs") Motion for Class Certification pursuant to Federal Rule of Civil Procedure ("Rule") 23. (D.E. 57.) Jurisdiction is proper pursuant to 28 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion for Class Certification is **GRANTED**.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs' Motion arises from debt collection letters sent by Collection Bureau of Hudson Valley, Inc. ("CBHV") to Church and Husain on behalf of creditors. (D.E. 36 ("Compl.") ¶ 20–21.) The letters state:

1

> Our records indicate there is still a balance on this past due account. Please respond to this letter within seven days or we may take additional collection efforts.
>
> The creditor shown above has authorized us to submit this account to the nationwide credit reporting agencies. As required by law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

(Compl. ¶ 23.)

Plaintiffs allege that the letters constituted false and misleading collection efforts because CBHV never intended to report the debts to credit reporting agencies within seven days of the letters' receipt, as CBHV's policy was to report debts "approximately sixty (60) days from placement absent contract instructions from its client." (Compl. ¶ 27.) Plaintiffs raise claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (*See generally* Compl.)

Plaintiffs filed an initial complaint on March 23, 2020, (D.E. 1), followed by a First Amended Complaint adding Husain as a plaintiff on June 29, 2020, (D.E. 8). Plaintiffs then filed a Second Amended Complaint on April 14, 2021. (Compl.) On April 8, 2022, Plaintiffs filed the instant Motion to certify this case to proceed as a class action pursuant to Rule 23(b)(3). (D.E. 57("Motion").) Plaintiffs seek to certify the following class:

> All natural persons to whom Collection Bureau of Hudson Valley, Inc. mailed a Letter from March 23, 2019 through September 3, 2021 either:
>
> (a) to a New Jersey address to collect a debt asserted to be owed to Ramapo Valley Anesthesiology Associates LLC; or
> (b) to an address using Zip Code 07503 to collect a debt asserted to be owed to Optimum.[1]

---

[1] The creditors are referred to as "Ramapo" and "Optimum" in this Opinion's Discussion section.

(Motion at 9.) CBHV opposed the Motion on May 5, 2022. (D.E. 62 ("Opp'n").) On June 3, 2022, Plaintiffs replied. (D.E. 63 ("Reply").)

## II.      STANDARD OF REVIEW

A "party proposing class-action certification bears the burden of affirmatively demonstrating by a preponderance of the evidence . . . compliance with the requirements of Rule 23." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015), *as amended* (Apr. 28, 2015) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)). Specifically, "every putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3)." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 590 (3d Cir. 2012). Under Rule 23(a), a class may be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a)(1)–(4). These requirements are, respectively, referred to as the numerosity, commonality, typicality, and adequacy requirements. *See, e.g., Marcus*, 687 F.3d at 590–91.

A party seeking class-action certification under Rule 23(b)(3) must satisfy several additional requirements. First, "[a] plaintiff seeking certification of a Rule 23(b)(3) class must prove by a preponderance of the evidence that the class is ascertainable." *Byrd*, 784 F.3d at 163 (citing *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 354 (3d Cir. 2013)). To do so, the plaintiff must show that "(1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'" *Id.* (quoting *Hayes*, 725 F.3d at 355). Second, Rule 23(b)(3) also requires the party seeking certification to show that "questions of law or fact common to class

3

members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). These additional requirements are, respectively, referred to as the ascertainability, predominance, and superiority requirements. *See*, *e.g.*, *Byrd*, 784 F.3d at 161 n.4, 162, 164.

### III. DISCUSSION

#### A. Numerosity

A party seeking class certification must show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001). Here, CBHV sent the collection letter to 984 individuals (378 for Ramapo debts and 606 for Optimum debts.) (Motion at 10.) The proposed class, therefore, meets the numerosity requirement.

#### B. Commonality and Predominance

Rule 23(a) requires that Plaintiffs identify "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). Rule 23(b)(3) requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . . ." FED. R. CIV. P. 23(b)(3). Where plaintiffs seek certification of a Rule 23(b)(3) class, the commonality requirement "is subsumed by the predominance requirement." *Georgine v. Amchem Prod., Inc.*, 83 F.3d 610, 626 (3d Cir. 1996), *aff'd sub nom. Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997). Thus, this Court addresses the commonality and predominance requirements

together. *Sandoval v. Midland Funding, LCC*, No. 18-9396, 2021 WL 2821188, at *2 (D.N.J. July 7, 2021) (citing *Georgine*, 83 F.3d at 626).

The commonality requirement is met "if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 596–97 (3d Cir. 2009) (citing *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)). The predominance inquiry "tests whether the class is sufficiently cohesive to warrant adjudication by representation" and is "far more demanding than the Rule 23(a)(2) commonality requirement." *In re LifeUSA Holding Inc.*, 242 F.3d 136, 144 (3d Cir. 2001) (citing *Amchem Prods., Inc.*, 521 U.S. at 623–24). "Courts in this District routinely find that FDCPA Section 1692e class actions based on identical, potentially deceptive language in a form collection letter easily satisfy the predominance requirement." *Schultz v. Midland Credit Mgmt., Inc.*, No. 16-4415, 2020 WL 3026531, at *7 (D.N.J. June 5, 2020) (collecting cases). Here, because all class members share the same Section 1692e claim based on identical debt collection letters, the commonality and predominance requirements are met.

**C.   Typicality**

For the same reason, the typicality requirement is met. To show typicality, a plaintiff must show "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "The typicality standard is a 'low threshold[,]' which 'does not require that class members share every factual and legal predicate.'" *Schultz*, 2020 WL 3026531, at *6 (quoting *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183 (3d Cir. 2001)). "Typicality has been satisfied when," as is the case here, "the same debt collection letters are sent to many individuals." *Id.* at *6.

### D. Adequacy

To show adequacy, the named plaintiffs must show that they will "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). This inquiry is twofold. First, "the named plaintiffs' interests must be sufficiently aligned with the interests of the absentees." *Beneli v. BCA Fin. Servs., Inc.*, 324 F.R.D. 89, 98 (D.N.J. 2018) (citing *In re General Motors*, 55 F.3d 768, 800 (3d Cir. 1995); *Newton*, 259 F.3d at 187). Put differently, the class representatives must not have "interests antagonistic to or in conflict with the class." *Nepomuceno v. Midland Credit Mgmt., Inc.*, No. 14-5719, 2016 WL 3392299, at *5 (D.N.J. June 13, 2016). Second, "the plaintiff's counsel must be qualified to represent the class." *Beneli*, 324 F.R.D. at 98 (citing *General Motors*, 55 F.3d at 800; *Newton*, 259 F.3d at 187). "The party challenging representation bears the burden of proving the representation is not adequate." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 519 (D.N.J. 1997).

Here, CBHV does not challenge the adequacy of representation (or any of the other Rule 23 requirements, except for superiority) and, in any event, the representation is adequate. Plaintiffs are unmarred by any conflicts of interest and class counsel has submitted various documents including resumes, declarations, and case lists detailing their extensive experience in handling class actions and FDCPA claims. (*See* D.E. 57-2 through 57-8.)

### D. Ascertainability

Under the ascertainability requirement, Plaintiffs must show that (1) the class is "defined with reference to objective criteria"; and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Hayes*, 725 F.3d at 355 (citing *Marcus*, 687 F.3d at 593–94). As to the second prong, "a plaintiff need only show that class members can be identified." *Sandoval*, 2021 WL 2821188, at *7.

Where, as here, the plaintiffs can identify each class member who received the defendant's form letter, the ascertainability requirement is met. *See Sandoval*, 2021 WL 2821188, at *7.

### E. Superiority

Finally, the superiority requirement mandates that a party seeking class certification show "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). This analysis entails weighing the following factors:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Id.*

In this case, Plaintiffs seek to certify the following classes: (1) all New Jersey residents who received a CBHV letter on behalf of Ramapo, and (2) all residents with the zip code 07503 who received a CBHV letter on behalf of Optimum. (Motion at 9.) CBHV only objects to the Optimum class, claiming that "artificially" narrowing the class to a single zip code as a form of "legal gamesmanship" opens it up to future litigation. (Opp'n at 8–9.) In *Hassine v. Simon's Agency, Inc.*, this District denied a similar objection, holding that there is "no case law . . . that requires a plaintiff to bring only a nationwide or statewide class action under the FDCPA. Indeed, courts have repeatedly certified classes in FDCPA actions that limited the geographic scope of the class members." No. 18-9031, 2021 WL 2646990, at *5 (D.N.J. Apr. 29, 2021) (granting motion for class certification where limiting the class definition to a single municipality ensured class members would obtain "some sort of measurable recovery" and did not "demonstrate any sort of gamesmanship"). This Court finds no reason to pursue a different outcome. The superiority requirement is satisfied, along with all other applicable Rule 23 requirements.

Case 2:20-cv-03172-SDW-LDW   Document 64   Filed 11/04/22   Page 8 of 8 PageID: 399

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Class Certification is **GRANTED**.

An appropriate order follows.

                                                                    s/ *Susan D. Wigenton*
                                                                    **SUSAN D. WIGENTON**
                                                                    **UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
              Parties
8